UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC MICHAEL SORENSON,<br><br>      Plaintiff,<br><br>      v.<br><br>MINNESOTA DEPARTMENT OF HUMAN SERVICES, MINNESOTA SEX OFFENDER PROGRAM, THE INSTITUTE FOR PSYCHOLOGICAL & SEXUAL HEALTH, INC., CEO OF THE INSTITUTE FOR PSYCHOLOGICAL & SEXUAL HEALTH, INC. (DOE # 1), ANDRINE LEMIEUX, LUCINDA JESSON, ANNE BARRY, NANCY JOHNSTON, SHELBY RICHARDSON, CINDY BREAULT, JANNINE HEBERT, LAUREN ALLEN, JENNIFER JONES, CONNIE HEBERT, CHRIS CHAPMAN-HADDOCK, TRAVIS GRIFFITH, JIM BERG, STACY SONNEK, TOM LUNDQUIST, TRACY CEGLA, JENNIFER SEBRING, TARA OSBORNE, ANGELIQUE OTTOM-BREWER, KEVIN MOSER, JESSICA GEIL, HIMS DEPARTMENT STAFF (DOE # 2), SHERRI WAKEFIELD, CONNIE PROCTOR, KRIS HUSO, ANITA MOONEN, CHRISTINE JOHNSON, MELISSA WICKES, PROGRAM MANAGERS (DOE # 3), DAVID BORNUS, MELISSA COBLE (fka Hagen), MICHELLE VIETANEN, and all JANE/JOHN DOES whose true names are not presently known,<br><br>      Defendants. | Civil No. 14-470 (ADM/LIB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a pro se complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court

previously examined Plaintiff's submissions, and determined that his complaint failed to state an actionable claim for relief.   Therefore, in an order dated March 7, 2014, (Docket No. 7), the Court informed Plaintiff that his IFP application would not be granted "at this time."   That order gave Plaintiff an opportunity to file an amended complaint, and it expressly advised him that if he did not file a new pleading by April 4, 2014, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing an amended complaint has now expired, but Plaintiff has not complied with the Court's prior order, nor has he offered any excuse for his failure to do so.   Indeed, Plaintiff has not communicated with the Court at all since he commenced this action.   Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).   See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending motion for appointment of counsel be denied, and that his IFP application be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

2. Plaintiff's Application To Proceed <u>In Forma Pauperis</u>, (Docket No. 2), be **DENIED AS MOOT**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 15, 2014               s/Leo I. Brisboits
                                    LEO I. BRISBOIS
                                    United States Magistrate Judge

NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 28, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.